IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WEH Liquidating, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11602 (TMH)<br><br>(Jointly Administered) |
| WEFC Liquidating, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO, and DOES 1-100,<br><br>Defendants. | Adv. Proc. No. 25-52457-TMH<br><br>**Re: Adv. Docket Nos. 198, 199 & 200** |

**DEFENDANTS' MOTION TO FILE UNDER SEAL**
**<u>THE SUMMARY JUDGMENT DOCUMENTS</u>**

Pursuant to Rule 9018-1(d) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the above-captioned defendants (collectively, the "<u>Defendants</u>") hereby file this motion (the "<u>Motion</u>") for the entry of an order, substantially in the

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: WEH Liquidating, LLC f/k/a Walker Edison Holdco LLC (8817); WEI Liquidating, LLC f/k/a Walker Edison Intermediate, LLC (3363); WEFC Liquidating, LLC f/k/a Walker Edison Furniture Company LLC (6576); and EWF Liquidating, LLC f/k/a EW Furniture, LLC (6288). The Debtors' mailing address is 6890 S 2300 E #71067, Salt Lake City, UT 84171.

form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Defendants to (i) file under seal the Confidential Information (as defined below) in (a) the *Memorandum of Law in Support of Defendants' Preliminary Motion for Partial Summary Judgment* [Adv. Docket No. 198] (the "Memorandum in Support"), (b) *Defendants' Opening Appendix in Support of Defendants' Preliminary Motion for Partial Summary Judgment* [Adv. Docket No. 199] (the "Appendix"), and (c) the *Declaration of William A. Clareman in Support of Defendants' Preliminary Motion for Partial Summary Judgment* [Adv. Docket No. 200] (the "Declaration" and together with the Memorandum in Support and the Appendix, the "Summary Judgment Documents"),[2] and (ii) file versions of the Memorandum in Support and Declaration redacting the Confidential Information. In support of this Motion, the Defendants respectfully represent as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), the Defendants consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Summary Judgment Documents, as applicable.

## BACKGROUND

3. On March 30, 2023, Walker Edison Furniture Company, LLC ("Walker Edison") commenced an action against the Defendants by filing a complaint in the Third Judicial District Court for the County of Salt Lake, Utah (the "Utah District Court"), captioned *Walker Edison Furniture Company v. Brad Bonham, et al.* (Case No. 230902160) (the "Walker Edison Litigation"), and on April 24, 2024, Blue Owl Capital Corporation ("Blue Owl"), commenced an action against the Defendants by filing a complaint in the Utah District Court, captioned *Blue Owl Capital Corporation v. Brad Bonham, et al.* (Case No. 240903251) (the "Blue Owl Litigation" and, together with the Walker Edison Litigation, the "Utah Litigations").

4. The Utah District Court entered the *Stipulated Protective Order* [Adv. Docket No. 7, pp. 276-91] (the "Protective Order") governing, among other things, the use and disclosure of confidential information in the Utah Litigations.

5. On August 28, 2025, Walker Edison and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

6. On September 9, 2025, the Utah Litigations were removed to the United States Bankruptcy Court for the District of Utah and, on December 11, 2025, transferred to this Court in the above-captioned adversary proceeding (the "Adversary Proceeding").

7. On January 7, 2026, WEFC Liquidating, LLC (together with Blue Owl, the "Plaintiffs" and, collectively with the Defendants, the "Parties") moved to intervene in the Adversary Proceeding [Sealed Adv. Docket No. 95, Redacted Adv. Docket No. 99], and on February 19, 2026, filed a complaint-in-intervention [Sealed Adv. Docket No. 152, Redacted Adv. Docket No. 153].

8. On June 18, 2026, the Defendants filed *Defendants' Preliminary Motion for Partial Summary Judgment* [Adv. Docket No. 197] (the "Summary Judgment Motion") with the Court. In support of the Summary Judgment Motion, the Defendants filed under seal the Summary Judgment Documents contemporaneously therewith. The Summary Judgment Documents contain certain discovery documents produced by parties to the litigation and marked as "Confidential" (the "Confidential Documents") pursuant to the Protective Order, as well as references to confidential information contained therein (collectively with the Confidential Documents, the "Confidential Information").

## RELIEF REQUESTED

9. The Defendants have filed this Motion pursuant to Local Rule 9018-1(d) seeking entry of the Proposed Order authorizing the Defendants to (i) file under seal the Confidential Information contained in the Summary Judgment Documents, and (ii) file versions of the Summary Judgment Documents redacting the Confidential Information.

10. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(d).

## BASIS FOR RELIEF REQUESTED

11. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize a party to file confidential information under seal. Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Code section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an

entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

12. Although the public has a common-law "right of access to judicial proceedings and records," *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires that the court, in appropriate circumstances, protect parties by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; *see also In re ESML Holdings Inc.*, 135 F.4th 80, 96 (3d Cir. 2025) (holding § 107 of the Bankruptcy Code displaces the common law standard for sealing judicial records); *Cendant*, 260 F.3d at 194 (the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'") (citation omitted).

13. Bankruptcy Rule 9018 implements Bankruptcy Code section 107(b) by providing that, "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

14. Courts in this District define "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the operations of the [entity].'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). An order sealing or redacting commercial information is appropriate where the disclosure of the commercial information could "cause 'an unfair advantage to [the

producing parties'] competitors'" and such disclosure would cause a "substantial risk that that disclosure would detrimentally affect the producing party's competitive standing." *See In re ESML Holdings Inc.*, 135 F.4th at 97 (citations omitted); *see also In re Muma Servs., Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that § 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]") (internal citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). *See, e.g., Orion Pictures*, 21 F.3d at 28 ("[C]ourts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

15. Once a court determines that the information in question falls within one of the enumerated categories in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

16. Here, the Confidential Documents are expressly designated as "Confidential" pursuant to the terms of the Protective Order. By designating the Confidential Documents as "Confidential," the producing party attests that it "in good faith believe[s] the information, documents, or materials contain[] trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information." *See* Protective Order, ¶ 1(a). Pursuant to the Protective Order, the Defendants are not permitted to publicly disclose the

Confidential Documents. *See id.*, ¶ 2(a). Further, certain of the references to the Confidential Documents include sensitive, non-public commercial information that, if disclosed, could put the Parties at a competitive disadvantage.

17. Accordingly, in accordance with Local Rule 9018-1(d) the Defendants respectfully request that the Court permit the Defendants to publicly file the redacted versions of the Memorandum in Support and Declaration on the docket of this adversary proceeding, and to provide unredacted copies of the Summary Judgment Documents to the Court, counsel to Plaintiffs (which already has been done on June 18, 2026), and any other parties in interest as the Court may order.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

To the best of the knowledge, information, and belief of the undersigned counsel to the Defendants, the Summary Judgment Documents contain information that the party marking the document as "Confidential" asserts is confidential, as contemplated by Local Rule 9018-1(d). Prior to the filing of the redacted Summary Judgment Documents, counsel to the Defendants and counsel to Plaintiffs, respectively, conferred in good faith and agreed to the scope of the redactions proposed herein.

WHEREFORE, the Defendants respectfully request that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, granting: (i) the relief requested herein; and (ii) such other and further relief to the Defendants as the Court may deem proper.

*[Signature Page Follows]*

Dated: June 24, 2026
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Colin A. Meehan*

Russell C. Silberglied (No. 3462)
Cory D. Kandestin (No. 5025)
Colin A. Meehan (No. 7237)
One Rodney Square
920 North King St.
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: silberglied@rlf.com
kandestin@rlf.com
meehan@rlf.com

*For all defendants*

**PARKINSON BENSON POTTER LLP**

Brennan H. Moss (admitted *pro hac vice*)
2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
Telephone: (801) 401-1608
Email: brennan@pbplaw.com

*For defendants: Brad Bonham, MB & BB Holdings, LLC, and Matt Davis*

**SPERLING KENNY NACHWALTER**

Greg Shinall (admitted *pro hac vice*)
Matthew H. Rice (admitted *pro hac vice*)
321 North Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
Email: shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

William Clareman (admitted *pro hac vice*)
Geoffrey Chepiga (admitted *pro hac vice*)
Alison Benedon (admitted *pro hac vice*)
Adam Savitt (admitted *pro hac vice*)
Jacob Braly (admitted *pro hac vice*)
Vida Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: wclareman@paulweiss.com
gchepiga@paulweiss.com
abenedon@paulweiss.com
asavitt@paulweiss.com
jbraly@paulweiss.com
virobinson@paulweiss.com

*For defendants: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.*